

## NUMBER 13-12-00122-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JON ANTHONY HILL,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                  **Appellee.**

On appeal from the 24th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Jon Anthony Hill, pleaded guilty to one count of aggravated assault with a deadly weapon, enhanced to a first-degree felony offense, *see* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011), and one count of deadly conduct, enhanced to a second-degree felony offense, *see id.* § 22.05(b), (e) (West 2011). Appellant pleaded "true" to two earlier felony convictions as enhancement paragraphs (murder and attempted murder). A jury assessed punishment at ninety-nine years' imprisonment and a $10,000 fine for the aggravated assault offense and twenty years' imprisonment

and a $10,000 fine for the deadly conduct offense, with the sentences to run concurrently. *See id.* §§ 12.32, 12.33 (West 2011). By a single issue, appellant contends that the prosecutor engaged in improper closing argument. We affirm.

## I.    IMPROPER ARGUMENT

Appellant complains of the prosecutor's closing argument:

> Also[,] people will ask me when you're trying a case[,] you're the State of Texas; right? And sometimes I'll think and I'll tell them, I'm not the State of Texas. I'm just a prosecutor. Because when it comes down to it, ladies and gentlemen, the State of Texas is you all. . . . That's why I'll ask you, ladies and gentlemen, that you as the State of Texas today, you don't have to undo what happened in 1993. You can do something about it. You— . . .

Defense counsel objected, stating: "Your Honor, I'm going to object again that's improper jury argument. We're re-trying a case that's already been decided." The trial court stated: "Counsel, they are entitled to consider the—the facts in adjudging what type of person they're sentencing so—." Defense counsel responded, "I understand, Your Honor."

Appellant concedes that his complaint on appeal differs from the ground of his objection at trial, and further concedes that he did not obtain a ruling on his objection "ordinarily preserving no error." Nonetheless, appellant argues that "telling the jurors that they *are* the State of Texas is tantamount to destroying their status as the neutral, unbiased finder of fact in any jury trial." Appellant further argues that the prosecutor's argument is "manifestly improper, harmful, and prejudicial to the right of any accused to a fair trial under the federal Sixth Amendment" and "so egregious that reversal should result." The only authority cited in support of this argument is "generally" the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI.

2

The State argues that: (1) appellant failed to preserve any issue because (a) as appellant admits, his complaint on appeal differs from his objection at trial; (b) he did not obtain an adverse ruling; and (c) the State made the same or similar arguments during closing argument that appellant did not object to; and (2) even if the issue was preserved, the State's argument is a permissible plea for law enforcement.

We agree that appellant failed to preserve any issue for review. "To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.'" *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The point of error on appeal must comport with the objection made at trial." *Id.* Here, appellant complains that telling the jurors that they are the State of Texas undermined the jurors' role as neutral factfinders and deprived appellant of a fair trial. At trial, however, appellant did not object on this basis; his objection was "[w]e're re-trying a case that's already been decided." Because appellant's complaint did not comport with the objection made at trial, no issue was preserved for our review. *See id.*

## II.   CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.


DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012.

3